*826 Memorandum. The testimony of the arresting detective, the sole witness at the suppression hearing, established that the eyedropper and hypodermic needle were seized as the direct result of admissions obtained during custodial interrogation which was not preceded by warnings mandated by Miranda v. Arizona (384 U. S. 436).
The detective testified that defendant had taken his girl friend, critically ill from an overdose of narcotics, to the hospital. He was brought in a patrol car from the hospital to the station house “ for his identification.”
Upon questioning at the station house the defendant told the detective that “ he and this girl * * * and a fellow * * * had shot up three bags of heroin * * * and he advised her not to take any more. * * * [S]he did take [more] while he want [sic] to get a pack of cigarettes. When he came back, she was unconscious. He said he slapped her face and tried to bring her to, and couldn’t. He flagged down an automobile and accompanied her to Methodist Hospital where she was admitted.”
The detective continued: “ I ask him if he had the works. He said yes he had the works either on the shelf in the closet in his furnished room, or behind a mirror. I asked if he would take me to them, and he said yes.”
The detective accompanied defendant to the apartment where the eyedropper and hypodermic needle were seized, and defendant arrested. He was then given Miranda warnings.
The People contend that the investigation was confined to defendant’s girl friend, that the defendant was questioned as an ordinary witness, and that he did not 'become a “target” until the discovery of the contraband.
It is patent from the record, however, that from the onset defendant was, and must have been, a prime suspect and was, therefore, questioned in the custodial atmosphere of the station house and that he admitted that he, as well as his girl friend, had been taking narcotics. Only after this incriminating admission was he asked if he had “ the works ”, and when he acknowledged that he had was he requested to take the officer to them. That the defendant was truly a target during this interrogation *827 is, of course, underscored by his arrest, immediately after he confirmed, by his production of the physical evidence, the fully incriminating statements he had made in the police station.
Hence, the statements taken from defendant may not have been used in evidence and the motion to suppress should have been granted (cf. People v. Herbison, 22 N Y 2d 946).
Concur: Chief Judge Fuld and Judges Burke, Bergan and Breitel. Judges Scileppi and Jasen dissent and vote to affirm.